UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,                           Crim. File No. 06-184(4) (PJS/SRN)

           Respondent,

v.                                                                **MEMORANDUM AND ORDER**

Eva Aidee Rodriguez,

           Petitioner.

---

This matter is before the Court on Petitioner Eva Aidee Rodriguez's Motion to Vacate and/or Correct Sentence Pursuant to 28 U.S.C. § 2255. On March 27, 2007, this Court sentenced Petitioner to a 75-month term of imprisonment. Petitioner did not take an appeal from this sentence. She now contends that her counsel's assistance at and before the sentencing hearing was ineffective and thus moves to vacate her sentence.

**BACKGROUND**

In October 2006, Petitioner pleaded guilty to a conspiracy to distribute and possess with intent to distribute in excess of 500 grams of a substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A) and 21 U.S.C. § 846. In her plea agreement, Petitioner waived her right to appeal or collaterally attack her sentence if the Court found Petitioner's total offense level to be a level 31 or below and sentenced accordingly. At sentencing, the Court found that Petitioner's total offense level was a level 29. In addition, the Court granted Petitioner's counsel's motion for a downward

variance and imposed a sentence 12 months below the bottom of the guidelines range for offense level 29.

**DISCUSSION**

Petitioner now argues that her counsel rendered ineffective assistance because she did not secure a psychological evaluation of Petitioner before the sentencing hearing. According to Petitioner, if her counsel had arranged for a psychological evaluation, the Court would have granted a larger downward variance than it did. Petitioner does not address her waiver of the right to collaterally attack her sentence in the plea agreement.

The Court considers Petitioner's claim of error to determine whether Petitioner is entitled to an evidentiary hearing on her claim. A petitioner is entitled to an evidentiary hearing on a § 2255 motion "unless the motion, files and records of the case conclusively show that the [petitioner] is entitled to no relief." 28 U.S.C. § 2255. Therefore, a motion can be denied without first conducting an evidentiary hearing if (1) the petitioner's allegations, accepted as true, would not entitle her to relief; or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact. See Engelen v. United States, 68 F.3d 238, 240 (8th Cir. 1995).

Relief under § 2255 "is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and, if uncorrected, would result in a complete miscarriage of justice." United States v. Apfel, 97 F.3d 1074, 1076 (8th Cir. 1996).

### A.     Waiver of Appeal

As the Government notes, Petitioner must be held to the promises she made in the plea agreement, absent a showing that she did not knowingly or voluntarily sign the plea agreement.  Here, Petitioner makes no argument about the legitimacy of the waiver in the plea agreement.

The Court takes the waiver of rights by a criminal defendant very seriously.  At Petitioner's change of plea hearing, the Court asked Petitioner whether she was voluntarily entering into the plea agreement and whether she was voluntarily waiving her rights.  Petitioner answered affirmatively to the Court's questions.  In addition, the Court asked Petitioner whether there were any force or threats or promises made aside from the plea agreement, to which Petitioner responded in the negative.

There is no question that a criminal defendant may waive both her direct- and collateral-appeal rights in a plea agreement.  DeRoo v. United States, 223 F.3d 919, 923 (8th Cir. 2000).  "Waivers preserve the finality of judgments and sentences, and are of value to the accused to gain concessions from the government."  Id.  As the 8th Circuit Court of Appeals has warned, however, waivers are not absolute.  Id.  Thus, where a petitioner contends that the waiver was not knowing and voluntary because of the ineffective assistance of counsel, the Court is bound to examine the performance of the petitioner's attorney.  Id. at 924.

It does not appear here that Petitioner's claim of ineffective assistance relates to whether the waiver of her right to collaterally attack her sentence was knowing and voluntary. Because of the importance of the rights at issue, however, the Court will presume without deciding that the Petition does in fact allege that the waiver was not knowing and voluntary and will proceed to examine the merits of Petitioner's claim.

**B.     Ineffective Assistance of Counsel**

To prove ineffective assistance of counsel, Petitioner must show that: "(1) [her] counsel so grievously erred as to not function as the counsel guaranteed by the Sixth Amendment; and (2) [her] counsel's deficient performance prejudiced [her] defense." United States v. Auman, 67 F.3d 157, 162 (8th Cir. 1995) (citing Strickland v. Washington, 466 U.S. 668, 687 (1984)). "Prejudice" requires a reasonable probability that the result of the proceeding would have been different but for counsel's errors. York v. Lockhart, 856 F.2d 61, 63 (8th Cir. 1988). Counsel may provide ineffective assistance by failing to object at sentencing. United States v. Ford, 918 F.2d 1343, 1350 (8th Cir. 1990).

In this case, counsel's performance at the guilty plea proceeding and at sentencing was far from ineffective. In fact, counsel diligently sought a variance from the guidelines for Petitioner, and was successful in doing so. Petitioner claims that counsel should have secured a psychological evaluation for her, but it is far from clear that doing so would have had any effect in this case. Petitioner has failed to show that counsel's performance amounted to ineffective assistance.

4

**CONCLUSION**

For the foregoing reasons and on all the files, records, and proceedings herein, Petitioner has failed to show that she is entitled to an evidentiary hearing on her Motion. Accordingly, **IT IS HEREBY ORDERED** that Petitioner's Motion to Correct and/or Vacate Sentence (Docket No. 242) is **DENIED**.

Dated: December 11, 2007

                                              s/ Paul A. Magnuson
                                              Paul A. Magnuson
                                              United States District Court Judge